IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

AMOS HICKS                                                                                          PETITIONER

VS.                                                             CIVIL ACTION NO. 1:18cv107-LG-FKB

ANDREW MILLS                                                                                 RESPONDENT

## REPORT AND RECOMMENDATION

Amos Hicks entered a plea of guilty in the Circuit Court of Jackson County, Mississippi, to a charge of murder. By order filed on June 1, 2006, he was sentenced to serve a term of life in the custody of the Mississippi Department of Corrections. He now brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss the petition as untimely, and Hicks has responded to the motion. The undersigned recommends that the motion be granted and the petition dismissed with prejudice.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under 28 U.S.C. § 2254:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

      by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

      (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  Hicks's conviction became final on July 1, 2006, (thirty days after his conviction), and his one-year limitations period began to run that day.[1]  He had one year from that date, or until July 2, 2007, in which to file for federal habeas relief, subject to tolling for any period during which a properly-filed motion for post-conviction relief was pending in the state court.[2]   Hicks filed no motion in state court for post-conviction relief prior to July 2, 2007.  Therefore, his AEDPA statute of limitations expired on July 2, 2007.  Hicks did not file his federal habeas petition until on or after March 29, 2018.[3]  Thus, his petition is untimely.  Furthermore, he has not shown that he is entitled to equitable or statutory tolling or that any other exception applies.  Accordingly, the

---

[1] By statute, there is no direct appeal from a guilty plea in Mississippi.  *See* Miss. Code Ann. § 99-35-101.  However, at the time of Hicks's guilty plea, the Mississippi Supreme Court recognized an exception to this prohibition, allowing an appeal within 30 days of the sentencing order when the issue concerned an allegedly illegal sentence.  *See, e.g., Acker v. State*, 797 So. 2d 966 (Miss. 2001).  (This exception no longer exists for guilty pleas taken after July 1, 2008.  *See* Miss. Code Ann. § 99-35-101; *Seal v. State*, 38 So. 3d 635 (Miss. Ct. App. 2010)). Therefore, at the latest, Hicks's conviction became final when his 30-day period for seeking review of his sentence expired.

[2] One year from July 1, 2006, fell on a Saturday.  Thus, the one-year deadline for filing would have fallen on the next business day, Monday, July 2, 2007.

[3]  Under the mailbox rule, a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court.  *Coleman v. Johnson*, 184 F.3d 401 (5th Cir. 1999).  Thus, Hicks's petition was "filed" sometime between the date it was signed, March 29, 2018, and the date it was received and filed by this court, April 4, 2018.

undersigned recommends that the motion to dismiss be granted and that the petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 10th day of December, 2018.

                                      s/ F. Keith Ball_____
                                      United States Magistrate Judge